**Antonio CAPIELLO, et al., Plaintiffs,**

v.

**DISTRICT OF COLUMBIA,
et al., Defendants.**

**Civ. A. No. 91–2349.**

United States District Court,
District of Columbia.

Dec. 4, 1991.

Michael J. Eig, Bogin and Eig, Washington, D.C., for plaintiffs.

Michael L. Alston, Asst. Corp. Counsel, Washington, D.C., for defendants.

MEMORANDUM OPINION
AND ORDER

SPORKIN, District Judge.

Plaintiffs sought and were granted a temporary restraining that compelled defendants to comply with the decision of an administrative hearing officer. That hearing officer had ordered that Antonio Capiello be removed from Saint Elizabeth's Hospital and be placed in a residential school. The temporary restraining order was made necessary by defendants' delay and failure to abide by the hearing officer's determination.

Plaintiffs have now moved this Court for an award of fees and costs pursuant to 20 U.S.C. § 1415(e)(4)(B). Defendants oppose the motion, claiming that plaintiffs are not entitled to attorney's fees for activities associated with the temporary restraining order because plaintiffs prevailed at the administrative level. The law of this circuit does not support defendant's position. In *Moore v. District of Columbia*, 907 F.2d 165 (D.C.Cir.1990), the Court of Appeals, sitting *en banc*, held that a plaintiff may recover attorney's fees incurred when the plaintiff wins a due process special education hearing. Plaintiffs are not limited to attorneys' fees only in those cases where they lose at the administrative level and then appeal the decision to a federal district court.

Similarly, where the plaintiffs must come to district court to enforce the decision of a hearing officer, they are entitled to attorney's fees. The statute says that

> In *any* action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party. 20 U.S.C. § 1415(e)(4)(B) (emphasis added).

The Court of Appeals said in *Moore* that section 1415(e)(4) allows for an independent cause of action for fees. The section is not limited to actions attacking the merits of an administrative decision. 907 F.2d at 171.

The statute goes on to say that the court shall not reduce the amount of attorney's fees awarded for being excessive "if the court finds that the State or local educational agency unreasonably protracted the final resolution of the action or proceeding...." 20 U.S.C. § 1415(e)(4)(G). This language indicates that the statute contemplates delay by the state or local government and will not reduce the amount of attorney's fees awarded where some of those fees were expended to address that delay.

The purpose of the statute awarding attorney's fees in special education disputes is to compensate plaintiffs who have been denied educational services to which they are legally entitled and have had to fight a legal battle to get those services. As the Court of Appeals made clear in *Moore*, it does not matter whether plaintiffs win at the administrative level or in district court. Where plaintiffs prevail, they are entitled to attorney's fees. In this case, the District of Columbia wishes to deny plaintiffs attorney's fees because they won a victory on paper at the administrative level. However, plaintiffs can hardly be said to have "prevailed" when the child in question had still not been placed weeks after the initial hearing officer's decision. Where plaintiffs were forced to come to court to get a meaningful decision, they are entitled to attorney's fees.

Accordingly, it is this 3rd day of December, 1991 hereby

ORDERED that plaintiffs' motion for an award of fees be granted and that defendants shall pay to plaintiffs, through counsel, the amount of $19,694.73 for fees and costs, said amount to be paid within ten days of this order.