Zachary ARONOW, et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA,
et al., Defendants.

Civ. A. No. 91–2223.

United States District Court,
District of Columbia.

Jan. 9, 1992.

Michael Jeffrey Eig and Matthew Barry Bogin of Bogin and Eig, Washington, D.C., for plaintiffs.

Nancy A. Neumann, Office of Corp. Counsel for the District of Columbia, for defendants.

## ORDER

CHARLES R. RICHEY, District Judge.

Citing the Handicapped Children's Protection Act ("HCPA"), 20 U.S.C. § 1415(e)(4)(B),[1] Plaintiffs have moved for an award of $6,107.97 in attorneys' fees and costs and $2,304.65 for the services of an expert witness at the administrative level. Defendants oppose the instant motion, claiming that Plaintiffs are not "prevailing parties" for purposes of the HCPA and are not entitled to any reimbursement other than the costs traditionally taxable under 28 U.S.C. § 1920. Upon consideration of the Plaintiffs' Motion, the Defendants' opposition thereto, the applicable law, and the record herein, the Court shall award Plaintiffs $6,156.97, representing $6,107.97 in attorneys' fees and costs and $49.00 in witness fees for Plaintiffs' expert.

█ Defendants contend that the Plaintiffs do not qualify as "prevailing parties" for purposes of the HCPA. According to the Defendants, the court proceedings herein merely constituted a "technical victory" and did not clothe the Plaintiffs with "prevailing party" status. *See Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Attorneys' Fees* at 5, filed November 15, 1991. A closer review of the factual posture of this case demonstrates the infirmity of the Defendants' claim. The Plaintiffs did not receive appropriate educational placements through the District of Columbia Public school system. *See* Complaint at ¶ 7–37. The facts indicate that the instant lawsuit prompted the District to take action and thereby enabled the Plaintiffs to receive adequate educational placements in time for the new school year.

An informal meeting was convened to discuss Zachary Aranow's placement. At the time the Complaint was filed, the District had not implemented a suitable placement program for Zachary. Complaint at ¶ 15. Although the parties had reached an agreement to place Aranow in the Ivymount School at the time the Court heard the Plaintiffs' September 3, 1991 Motion for a temporary restraining order, it is apparent that the instant lawsuit prompted the District to accommodate Plaintiff Aranow's needs in a timely manner. The claims of Plaintiffs Rolnick and Zara also arose from the District's failure to provide a timely educational placement. A due process hearing for Plaintiff Rolnick did not transpire on the date previously established. Complaint at ¶¶ 22–28. As a result of the September 3, 1991 hearing before this Court, the District agreed to convene due process hearings on or before September 6, 1991. Defendants also failed to issue a proposed placement for Plaintiff Zara before the start of the new school year. *See* Complaint at ¶ 35. At the September 3, 1991 hearing on the Plaintiff's motion for temporary restraining order, the District also agreed to expedite administrative hearings for Plaintiff Zara. Without the intervention of this Court, it is doubtful that the District would have arisen from its slumber in time for Plaintiffs to attend classes with their peers.

Even after the Plaintiffs achieved a victory by forcing the District to place their children appropriately, Plaintiffs Rolnick and Zara were forced to come to this Court on September 27, 1991 in order to ensure that the District provided transportation to school for their children. While admitting its duty to provide such transportation, the District claimed that bureaucratic problems impeded it from providing bus service. This Court held that the bureaucratic morass did not excuse Defendants' failure to meet its legal obligations to these children and ordered the District to provide adequate transportation forthwith. *See* Order,

---

1. This section provides, in relevant part: "In any action or proceeding under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party."

*Aranow v. District of Columbia,* Civ. 91–2223 (D.D.C., Sept. 27, 1991).

This case closely parallels the case of *Capiello v. District of Columbia,* 779 F.Supp. 1, 2 (D.D.C.1991). In *Capiello,* Judge Sporkin awarded Plaintiffs attorneys' fees and costs under 20 U.S.C. § 1415(e)(4)(B) because Plaintiffs "were forced to come to court to get a meaningful decision" due to the District's delay in providing an adequate educational placement for their children. *Id.* Here, Plaintiffs were forced to come to Court in order to obtain an educational placement in the first instance, and then to ensure that the children were able to attend those classes. For both of these reasons, Plaintiffs are "prevailing parties" entitled to attorneys' fees under the HCPA. Plaintiffs' counsel's fees and hours are adequately documented and the Defendants have offered no objection to either the number of hours or the prevailing rates.

■ The Defendants also contend that Plaintiffs are not entitled to reimbursement for miscellaneous charges and for expert fees. Defendants' argument with respect to miscellaneous charges must fail in light of *West Virginia University Hospitals, Inc. v. Casey,* — U.S. —, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991). In *West Virginia University Hospitals,* the Supreme Court allowed reimbursement for "out-of-pocket" expenses incurred by attorneys and billed to the clients as part of the attorneys' fee. *See* 111 S.Ct. at 1141, n. 3 (citing, *Northcross v. Bd. of Ed. of Memphis City Schools,* 611 F.2d 624, 639 (11th Cir.1979)). Thus, under *West Virginia Hospitals, supra,* the limitations of 28 U.S.C. § 1920 do not apply with respect to those costs incurred by attorneys and included in their fees. Because the miscellaneous charges incurred by Plaintiffs' counsel in this case are reasonable and are adequately documented as components of the attorneys' fees, the Court shall allow for the full

amount of reimbursement of the attorneys' miscellaneous expenses.

■ Plaintiffs are not entitled to reimbursement for the full $2,304.65 cost of expert services, however. In *West Virginia Hospitals, supra,* the Supreme Court interpreted the provisions of 42 U.S.C. § 1988[2] and held that expert services were not encompassed by the term "attorney's fees." 111 S.Ct. at 1146 ("In sum, we conclude that at the time this provision was enacted neither statutory nor judicial usage regarded the phrase 'attorney's fees' as encompassing fees for expert services."). The Court also held that fees for non-testifying experts were not otherwise compensable costs. In reaching this conclusion, the Court rejected a broad reading of what constitutes a reimbursable "cost":

> We are aware of no authority to support the counter-intuitive assertion that "[t]he term 'costs' has a different and broader meaning in fee-shifting statutes than it has in the cost statutes that apply to ordinary litigation." (citing *West Virginia Hospitals,* 111 S.Ct. at 1150).

*West Virginia Hospitals,* 111 S.Ct. at 1141, n. 3. *See also Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 439, 107 S.Ct. 2494, 2496, 96 L.Ed.2d 385 (1987) (provisions of 28 U.S.C. §§ 1821 and 1920 define power to shift costs, absent explicit statutory authority to the contrary). Upon analyzing 28 U.S.C. § 1920, the Court concluded that:

> None of the categories of expenses listed in § 1920 can reasonably be read to include fees for services rendered by an expert employed by a party in a nontestimonial advisory capacity.

111 S.Ct. at 1141. However, under the *West Virginia Hospitals* standard, expert witnesses may receive compensation to the extent they have served as witnesses "in attendance at any Court of the United States ... or before any person authorized to take his deposition pursuant to any rule

---

**2.** This statute provides, in relevant part, that: "In any action or proceeding to enforce a provision of sections § 1981, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." *See also West Virginia Hospitals, supra,* 111 S.Ct. at 1140–41.

or order of a court of the United States." *See* 28 U.S.C. § 1821(a)(1). A court of the United States includes "any court created by Act of Congress." 28 U.S.C. § 1821(a)(2). Expert witnesses qualifying under these provisions could then receive an attendance fee of $40 per day, a fee "for the time necessarily occupied in going to and from the place of attendance," and a travel allowance. 28 U.S.C. §§ 1821(b) and (c).

The provisions of the HCPA attorneys' fee provision, 20 U.S.C. § 1415, mirror the attorneys' fee provisions of 42 U.S.C. § 1988. *See* notes 1–2, *supra. See also West Virginia Hospitals,* 111 S.Ct. at 1141 (analogizing § 1988 provisions to the Title VII provisions codified at 42 U.S.C. § 2000e–5(k), which employs identical language). Because *West Virginia Hospitals* applies with equal force to this case, the Court must disallow the Plaintiffs' request for reimbursement of the costs of expert advisory services. However, Plaintiffs are eligible for limited compensation pursuant to 28 U.S.C. §§ 1920 and 1821 due to the expert witness' role in the due process hearing. The expert witness in this case participated in a due process hearing on September 6, 1991, and also paid $9.00 in parking fees on that day. *See* Exhibit B, *Plaintiff's Motion for Attorney's Fees,* filed October 15, 1991 (time records of Laura Solomon, Ed.S.). Accordingly, the Court will reimburse Plaintiffs in the amount of $49.00; this amount represents one day's witness fee plus a travel allowance.

Accordingly, it is, by this Court, this 9 day of January, 1992,

ORDERED that, pursuant to 20 U.S.C. § 1415, the Defendants shall pay, within 30 days of this Order, the Plaintiffs' reasonable costs and attorneys' fees in the amount of $6,156.97, representing $6,107.97 in attorneys' fees and costs and $49.00 for the expert's testimony at the due process hearing.