**Zachary ARANOW, et al., Plaintiffs,**

v.

**DISTRICT OF COLUMBIA, et al., Defendants.**

**Civ. A. No. 91–2223 (CRR).**

United States District Court, District of Columbia.

May 13, 1992.

Matthew B. Bogin and Michael J. Eig, of Bogin & Eig, Washington, D.C., for plaintiffs.

John Payton, Corp. Counsel, Martin L. Grossman, Deputy Corp. Counsel, Civ. Div., Nancy R. Byrd, Asst. Corp. Counsel, Chief, Gen. Litigation Section, Nancy A. Neumann, Asst. Corp. Counsel for Office for the District of Columbia, Washington, D.C., for defendants.

## ORDER

CHARLES R. RICHEY, District Judge.

Pursuant to Fed.R.Civ.P. 59(e), the Plaintiffs request this Court to alter and amend its Opinion and Order in the above-captioned case, 780 F.Supp. 46.[1] Although the Court awarded the Plaintiffs attorney's fees and expenses, the Court denied the Plaintiffs' request for reimbursement for expert witness fees pursuant to *West Virginia Hospitals, Inc. v. Casey,* —— U.S. ——, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991). The Plaintiffs now ask the Court to reconsider its decision regarding the remaining $2255.65 in expert witness fees.

Upon consideration of the Plaintiffs' Motion to Alter and Amend this Court's Opinion and Order in the above-captioned case, the Defendants' Opposition thereto, the applicable law and the record herein, the Court shall grant the Plaintiffs' Motion. Based upon a review of the legislative history of the Handicapped Children's Protection Act of 1986 ("HCPA"), 20 U.S.C. § 1415(e), the Court is convinced that the award of fees for the services of an expert witness is not barred under the Supreme Court's analysis in *West Virginia Hospitals, Inc., supra,* and is consistent with Congress' purpose in enacting the HCPA. *See* H.Rep. 99–296, 99th Cong., 1st Cong., 1st Sess., (Oct. 2, 1985), p. 6.

According, it is, by this Court, this 13 day of May, 1992,

---

1. Plaintiff also filed a Motion for an Order to Show Cause as to whether the defendants should be held in contempt for failure to remit payment of the fees and expenses previously awarded by the Court. However, Plaintiff's counsel has since advised the Court that the Defendants have tendered payment and that this Motion has been withdrawn.

ORDERED that the Plaintiff's Motion for an Order to Show Cause shall be, and hereby is, DEEMED MOOT, as the Motion was withdrawn by the Plaintiff; and it is

FURTHER ORDERED that, for the reasons stated herein, the Plaintiff's Motion to Alter and Amend this Court's prior Opinion and Order in the above-captioned case shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that, on or before 4:00 p.m. on June 12, 1992, the Defendants shall tender payment to the Plaintiff the amount of $ 2255.65 for the fees incurred for the services of an expert witness in the above-captioned case.