Wentworth v. Digital                    CV-93-96-JD    01/18/96 P

UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE


John H. Wentworth

        v.                                    Civil No. 93-96-JD

Digital Equipment Corp.


                              O R D E R

        By order of November 28, 1995, the court granted the

defendant's motion for summary judgment on the plaintiff's ERISA

claim, ruling that the plaintiff was not entitled to severance

benefits because of his failure either to sign a severance

agreement before the applicable deadline or to contest his

selection for involuntary termination through appropriate

channels.  Before the court is the plaintiff's motion to amend

the court's judgment and to reconsider its November 28, 1995,

order (document no. 42).

        A motion under Rule 59(e) to alter or amend a judgment may

be granted if the court committed some manifest error of law or

fact, if new evidence is discovered, or if there is an

intervening change in the law.  Serrano-Perez v. FMC Corp., 985

F.2d 625, 628 (1st Cir. 1993); National Metal Finishing v.

BarclaysAmerican/Commercial, Inc., 899 F.2d at 124 & n.2; Johnson

v. Wefald, 779 F. Supp. 154, 155 (D. Kan. 1991).  In the interest

of providing finality to judgments, Rule 59(e) does not permit

the losing party to reiterate arguments the court has previously considered and rejected or to raise new legal theories that should have been raised earlier.  National Metal Finishing, 899 F.2d at 123 (citing FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)).

The plaintiff bases his motion for reconsideration on the court's misquotation of language appearing in the TFSO Summary, a booklet outlining the benefits for which the plaintiff became eligible upon his selection for involuntary termination.  The court erroneously inserted the word "plan" between "TFSO" and "administrator" in quoting the section of the TFSO Summary that directed employees seeking to use the defendant's "open door policy" to "contact [their] TFSO administrator to understand how to gain access to the open door process."  The plaintiff also claims that the court repeated this mistake on page 12 of its order in stating that "the TFSO summary directed beneficiaries seeking to take advantage of the open door policy to contact their plan administrator first."  The plaintiff claims that the court's use of the word "plan" reflects a failure to recognize the "crucial" distinction between a "TFSO administrator" and the "plan administrator."

The plaintiff's argument is unavailing.  The court notes at the outset that the distinction the plaintiff attempts to draw in his motion for reconsideration is one that he expressly disavowed

in his memorandum in opposition to the defendant's motion for summary judgment (document no. 33 at 6).  Moreover, the plaintiff supplied no evidence to the court prior to November 28, 1995, suggesting that the plaintiff attempted to invoke the open door policy by contacting either a TFSO administrator or a plan administrator.[1]  Although the plaintiff now submits an affidavit indicating that he may have sought relief through appropriate channels before contacting his open door manager, the court will not consider material submitted after the entry of a final judgment and after nearly three years of litigation.

The plaintiff's remaining arguments are either insubstantial or have already been considered and rejected by the court.

Conclusion

The court's order of November 28, 1995, is amended by deleting the word "Plan" from the third line from the bottom on page 4, and by replacing the word "plan" in the fifth line of

---

[1]Without any evidence to support his claim, the plaintiff adheres to his mistaken and refuted belief that John O'Donnell, the plaintiff's open door manager, was also his TFSO administrator.  The plaintiff's citation to the affidavit of Paul Cornelius as support for his contention is without merit.

page 12 with "TFSO."  In all other respects, the plaintiff's motion for reconsideration (document no. 42) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

January 18, 1996

cc:  Francis G. Murphy Jr., Esquire
     David C. Casey, Esquire
     Steven M. Gordon, Esquire