Jennifer REMIS, by way of her legal guardian, Theresa TRUDE, Plaintiff,

v.

NEW JERSEY DEPARTMENT OF HUMAN SERVICES, Defendant.

NEW JERSEY DEPARTMENT OF HUMAN SERVICES, Plaintiff,

v.

Jennifer REMIS, by way of her legal guardian, Theresa TRUDE, Defendant.

Civ. A. Nos. 92–5230, 93–291.

United States District Court, D. New Jersey.

March 2, 1993.

Herbert D. Hinkle, Lawrenceville, NJ, for Jennifer Remis.

Robert J. Del Tufo, Atty. Gen. of New Jersey by Lisa Marin Main, Deputy Atty. Gen., Trenton, NJ, for Dept. of Human Services.

BROTMAN, District Judge:

## BACKGROUND

The Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–1485, creates a comprehensive scheme under which the federal government aids the states in meeting the special educational needs of disabled children. States receiving federal financial assistance under the IDEA are required to develop a plan that assures all disabled children the right to a "free appropriate public education." *Id.* § 1412(1). They are also required to establish elaborate procedural safeguards to ensure a large measure of parental involvement in the education of disabled children. *Id.* § 1412(5)(A). One such safeguard is that parents of a disabled child must be given an opportunity to assert complaints about "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child," *Id.* § 1415(b)(1)(E), and to have those complaints reviewed at an "impartial due process hearing" conducted by a state or local educational agency. *Id.* § 1415(b)(2). If the initial hearing is held at the local level, the state must provide for an appeal to the state educational agency. *Id.* § 1415(c). And "[a]ny party aggrieved by the findings and decision made [at the state administrative hearing has] the right to bring a civil action with respect to the complaint presented … in any State court of competent jurisdiction or in a district court of the United States." *Id.* § 1415(e)(2).

Theresa Trude is the mother of Jennifer Remis, a twenty-year old autistic woman with severe behavioral problems. Because of her disabilities, Jennifer is entitled under the IDEA to special educational services from the State of New Jersey. *Id.* § 1412. Since 1990 the Division of Developmental Disabilities of the New Jersey Department of Human Services ("DDD") has had the responsibility for providing those services.

Jennifer currently attends the Au Clair School in Bear, Delaware. In July 1992 Mrs. Trude asked the DDD to transfer Jennifer from Au Clair to the Bancroft School in Haddonfield, New Jersey, where Jennifer's family resides. The DDD refused. Consequently, Mrs. Trude initiated a due process hearing pursuant to section 1415(b)(2).

The matter was assigned to Administrative Law Judge Robert W. Scott. Following the submission of cross-motions for summary judgement, Judge Scott ruled in favor of Mrs. Trude and ordered the DDD to place Jennifer at Bancroft on or before November 30, 1992. The DDD failed to comply. As a result, on December 9, 1992 Mrs. Trude filed a complaint in this Court seeking an order enforcing Judge Scott's decision and awarding her attorney fees and costs. The Court conducted a hearing on the matter on January 7, 1993. At the hearing, the DDD indicated that it intended to file a complaint in this Court under section 1415(e)(2) seeking a review of Judge Scott's decision. The DDD filed this complaint on January 14, 1993.

Pursuant to Fed.R.Civ.P. 42(a), the Court consolidated the two actions.[1]

## DISCUSSION

### Standard of Review

■ In reviewing a complaint filed pursuant to section 1415(e)(2), a district court "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(e)(2). Although section 1415(e)(2) does not specifically set forth the standard of review a district court must apply, it seems clear that complete de novo review is inappropriate. *G.D. v. Westmoreland Sch. Dist.*, 930 F.2d 942, 945 (1st Cir.1991); *Block v. District of Columbia*, 748 F.Supp. 891, 894–95 (D.D.C.1990). The Supreme Court has admonished the district courts to give "due weight" to the results of the state administrative proceedings. *Board of Educ. v. Rowley*, 458 U.S. 176, 206, 102 S.Ct. 3034, 3050–51, 73 L.Ed.2d 690 (1982). In addition, the party challenging the outcome of the administrative proceedings bears the burden of proof. *Board of Educ. v. Illinois State Bd. of Educ.*, 938 F.2d 712, 716 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 957, 117 L.Ed.2d 124 (1992); *Barnett v. Fairfax County Sch. Bd.*, 927 F.2d 146, 152 (4th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 175, 116 L.Ed.2d 138 (1991). Thus, the Court can set aside Judge Scott's disposition of this matter only if, after giving due weight to his decision, it finds the DDD has proved by a preponderance of the evidence that his decision was erroneous. *Block,* 748 F.Supp. at 895.

### Analysis

One sentence of the brief Mrs. Trude submitted to Judge Scott is devoted to informing him that the Au Clair School is not an approved special education placement. (R. of Admin.Pro'gs, Item 3, Pet'r's Br. Supp.Summ.J. at 1.) The DDD apparently did not disagree, for in the brief it filed in response, it concedes—not once, but thrice—that Au Clair is unapproved. (R. of Admin.Pro'gs, Item 4, Resp't's Br. Supp.Summ.J. at 5, 6, 8.) But contrary to its earlier concessions, the DDD now devotes approximately eleven pages of its brief to the argument that, in fact, Au Clair is not unapproved. Rather, argues the DDD, Au Clair retains a conditional approval with respect to prospective students and an unconditional approval with respect to students placed there before September 2, 1987.[2] (DDD's Br. at 2–4, 13–20.)

Although in his opinion of November 20, 1992, Judge Scott notes the DDD's concession that Au Clair is unapproved, (R. of Admin.Pro'gs, Item 6, Op. of Scott, J. at 3), it is unclear what significance, if any, he attributed to that fact in rendering his decision. In any event, the Court need not address the question; even assuming *arguendo* that Au Clair is approved, the DDD has failed to meet its burden of proving that Judge Scott's decision was wrong.

■ Mrs. Trude argued before Judge Scott, and presently argues before this Court, that the educational programs for autistic students at Au Clair and Bancroft are comparable,[3] but that Bancroft is located in

---

1. At a status conference, the parties agreed that the two actions were, in effect, two sides of the same coin, and that the Court could resolve the entire matter by addressing the complaint filed by the DDD seeking a review of Judge Scott's decision. The Court will treat Mrs. Trude's claim for attorney fees and costs as a counterclaim in the action commenced by the DDD.

2. Why the DDD has chosen to argue this point so vigorously is unclear; apparently, Jennifer has resided at Au Clair only since April 1988. (R. of Admin.Pro'gs, Item 3, Pet'r's Br.Supp.Summ.J. at 1.)

3. The DDD now argues that the staff at Bancroft is insufficiently experienced to meet Jennifer's needs. (DDD's Br. at 6–8.) However, a district court may not set aside the result of the administrative proceedings on the basis of issues that were never raised or were uncontested before the administrative law judge. *Andersen v. District of Columbia*, 877 F.2d 1018, 1025 (D.C.Cir.1989); *David D. v. Dartmouth Sch. Comm.*, 775 F.2d 411, 424 (1st Cir.1985), *cert. denied*, 475 U.S. 1140, 106 S.Ct. 1790, 90 L.Ed.2d 336 (1986); *Woods v. New Jersey Dep't of Educ.*, 796 F.Supp. 767, 775 (D.N.J.1992) (Brotman, J.). " '[I]t would be both unfair and unwieldy to overturn the [administrative law judge's] decision on grounds that [ ]he had no opportunity to consider

**144**

Haddonfield, New Jersey, where Jennifer's family resides, while Au Clair is located in Bear, Delaware. (R. of Admin.Pro'gs, Item 3, Pet'r's Br.Supp.Summ.J. at 5–6.) Under the IDEA, states are required not only to provide disabled children with a free appropriate public education, but also to place them in the "least restrictive environment" possible. 20 U.S.C. 1412(5)(B); 34 C.F.R. §§ 300.550–300.556. In meeting this requirement, the public agency responsible for providing an education to a disabled child must ensure that that child's educational placement is as close as possible to the child's home. 34 C.F.R. § 300.552(a)(3). The commentary accompanying section 300.552 is instructive. It states:

> With respect to placing a handicapped child in an alternate setting, the analysis states that among the factors to be considered in placing a child is the need to place the child as close to home as possible. [State agencies] are required to take this factor into account in making placement decisions. The parent's right to challenge the placement of their child extends not only to placement in special classes or separate schools, but also to placement in a distant school, particularly in a residential program. An equally appropriate education program may exist closer to home; and this issue may be raised by the parent under the due process provisions of this subpart.

That Bancroft can provide Jennifer with an education in her home town that is comparable to the education she is receiving at Au Clair clearly supports Judge Scott's conclusion, and the conclusion of this Court, that under the IDEA Bancroft is the appropriate placement for Jennifer.

■ Finally, the DDD argued before Judge Scott, and now argues before this Court, that it has had ongoing difficulties with Bancroft regarding methods of reimbursement for specific clients. The DDD asserts that it has adopted a policy of refus-

ing to increase its placements at Bancroft and argues that requiring it to place Jennifer at Bancroft is "contrary to the [Department of Human Services's] Commissioner's discretion and authority." (DDD's Br. at 1; R. of Admin.Pro'gs, Item 4, Resp't's Br. Supp.Summ.J. at 12–13.) But, as the DDD concedes, Bancroft remains an approved educational placement. Moreover, the DDD failed to direct Judge Scott's attention, and has failed to direct the attention of this Court, to a single case holding that, under the IDEA, a hearing officer who orders that a child be placed in an approved school errs because the commissioner of the agency responsible for that child's education has adopted a contrary policy. Accordingly, the DDD has failed to prove that Judge Scott's decision on this issue was erroneous.

*Attorney Fees and Costs*

■ Mrs. Trude seeks to recover attorney fees and costs from the DDD. The IDEA provides for an award of attorney fees and costs to a party who has prevailed at a state administrative proceeding. 20 U.S.C. § 1415(e)(4)(B); *Moore v. District of Columbia,* 907 F.2d 165 (D.C.Cir.) (en banc), *cert. denied,* 498 U.S. 998, 111 S.Ct. 556, 112 L.Ed.2d 563 (1990); *Field v. Haddonfield Bd. of Educ.,* 769 F.Supp. 1313, 1320 (D.N.J. 1991). Because Mrs. Trude prevailed in the proceedings before Judge Scott, she is entitled to attorney fees and costs.

However, Mrs. Trude has failed to set forth the time her attorney spent on this matter, the proposed billing rate, or her costs of litigation. Therefore, although she is entitled to attorney fees and costs, the Court cannot grant her final relief at this time. Accordingly, in the accompanying Order the Court has set out the procedure the parties must follow with respect to the award of attorney fees and costs.

or evaluate.'" *Andersen,* 877 F.2d at 1025 (quoting *Leonard v. McKenzie,* 869 F.2d 1558, 1563 (D.C.Cir.1989)). The DDD never attempted to rebut Mrs. Trude's assertion that the educational programs for autistic students at Au Clair and Bancroft are comparable. On the contrary, the

DDD advised Judge Scott that there were no issues of material fact in dispute. (R. of Admin.Pro'gs, Item 4, Resp't's Mot. for Summ.J.) As a result, the issue is not properly before this Court.

CONCLUSION

After giving, as it must, due weight to Judge Scott's decision, the Court concludes that the DDD has failed to prove by a preponderance of the evidence that his decision was wrong. Accordingly, the Court declines to alter his disposition of this matter. In addition, the Court holds that under section 1415(e)(4)(B), Mrs Trude is entitled to attorney fees and costs. An appropriate order follows.

For the reasons set forth in the Court's opinion of this date;

IT IS on this 24th day of February, 1993 hereby ORDERED that the Division of Developmental Disabilities of the New Jersey Department of Human Services shall place Jennifer Remis in the Bancroft School on or before March 1, 1993 and that the Division of Developmental Disabilities shall continue to provide Jennifer Remis with the benefits to which she is entitled under the law; and

IT IS FURTHER ORDERED that Theresa Trude, with due regard for the provisions of 20 U.S.C. § 1415(e)(4)(C), shall file detailed affidavits, within thirty (30) days of the date of this Order, outlining the following information:

(1) How many hours her attorney spent on this matter in connection with the state administrative proceedings, and how this time was spent;

(2) How many hours her attorney spent on this matter in connection with the actions adjudicated by this Court, and how this time was spent;

(3) The billing rate for this time under 20 U.S.C. § 1415(e)(4)(C); and

(4) The total amount claimed.

IT IS FURTHER ORDERED that the Division of Developmental Disabilities shall have twenty (20) days from the time Mrs. Trude's affidavits are filed to interpose any objections to the amounts requested; and

IT IS FURTHER ORDERED that Mrs. Trude, within thirty (30) days of the filing of this Order, shall file with the Clerk of this Court a Bill of Costs and Disbursements together with a notice of motion pursuant to Rule 23 of the General Rules of the United States District Court for the District of New Jersey.