Andrew K. WHITEHEAD, a minor, By and Through his parents and next friends, Dr. Keith D. WHITEHEAD and Nikole Whitehead; and Dr. Keith D. Whitehead and Nikole Whitehead, for themselves, Plaintiffs,

v.

SCHOOL BOARD FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA, State of Florida Department of Education, and W. Crosby Few, Defendants.

No. 94–241–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

June 28, 1996.

Laura Lee Whiteside, Laura L. Whiteside, P.A., Tampa, FL, for plaintiffs.

Gregory Alan Hearing, Thomas M. Gonzalez, Thompson, Sizemore & Gonzalez, P.A., Walter Crosby Few, Few & Ayala, Tampa, FL, for School Board of Hillsborough County.

Arthur C. Wallberg, Attorney General's Office, Corrections Litigation Branch, Tallahassee, FL, for State of Florida Department of Education.

Thomas M. Gonzalez, Thompson, Sizemore & Gonzalez, P.A., Tampa, FL, for W. Crosby Few.

## ORDER

KOVACHEVICH, Chief Judge.

This cause is before the Court on Defendant Florida Department of Education's ("DOE") Motion to Dismiss (Dkt. No. 65), and response (Dkt. 68).

A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff.

# 1395

*Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## I. FACTS

Andrew K. Whitehead, Plaintiff, is a child who attends Mintz Elementary School in Hillsborough County, Florida. Andrew was born with Down's syndrome, has disabilities related to that condition, and therefore, is a child with disabilities as defined in the Individuals with Disabilities Education Act, 20 U.S.C. § 1401(a)(1) (hereinafter "IDEA"). Plaintiffs, Dr. Keith D. Whitehead and Nikole Whitehead are Andrew's parents.

Defendant DOE is the state agency responsible for coordinating and overseeing functions of the various local school boards including Defendant Hillsborough County School Board. Defendant School Board operates Mintz Elementary School and receives federal financial assistance made available through IDEA. Consequently, the School Board is subject to the IDEA requirement to provide a free appropriate public education to all children with disabilities. Further, acceptance of federal financial assistance renders the School Board subject to § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (hereinafter "§ 504") prohibiting discrimination against persons with disabilities.

Plaintiffs' dispute arose over the School Board's provision of special educational services to the minor Plaintiff. The dispute culminated in a due process hearing before a Hearing Officer with the State of Florida Division of Administrative Hearings. On January 11, 1994, the Hearing Officer issued a Final Order on the issues in the due process hearing. On February 10, 1994, Plaintiffs filed this lawsuit seeking to enforce the provisions of the IDEA and § 504, (Dkt. No. 1). On December 11, 1995 Plaintiffs filed an Amended Complaint alleging, inter alia, that Defendant DOE acquiesced and/or failed to prevent actions of Defendant School Board resulting in denial of Plaintiffs' rights under IDEA and § 504, and seeking attorney's fees, injunctive relief, costs, damages and other such relief as the Court sees fit (Dkt. No. 56).

## II. DISCUSSION

Plaintiff's allegations against Defendant DOE essentially involve a demand for attorney's fees due as prevailing party in the dispute with Defendant School Board, and procedural and/or substantive violations of the IDEA and § 504.

### A. Attorney's Fees

■ In order to receive attorneys fees as a prevailing party, Plaintiffs must first be a "prevailing party" in a dispute with a Defendant, and such award must be directed by a court. *Moore v. District of Columbia,* 907 F.2d 165 n. 8 (D.C.Cir.1990), *citing* 20 U.S.C. § 1415(e)(4)(B). Even if the Department of Administrative Hearings Hearing Officer had the authority to award attorney's fees, that Department reversed its own ruling and denied such an award. Plaintiffs will not be heard to claim that the Hearing Officer had the authority to award attorney's fees but simultaneously lacked the authority to deny those same fees.

■ Although Plaintiffs prevailed in their dispute before the Administrative Hearing Officer, the style of that case clearly identified Hillsborough County School Board as the sole Defendant. There is no mention in the Hearing Officer's Final Order of Defendant DOE. DOE was not a party to the dispute, and for this reason Plaintiffs are not entitled to attorney's fees as prevailing party over a non-defendant. "There is no cause of action against a defendant for fees absent that defendant's liability for relief on the merits." *Kentucky v. Graham,* 473 U.S. 159, 170, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

The Hearing Officer's Order does not reflect that any relief was obtained from Defendant DOE, nor is there evidence that DOE assumed legal responsibility for any relief. Such non-involvement in the underlying dispute compels denial of an award based on direct responsibility. *Beard v. Teska,* 31 F.3d 942, 953 (10th Cir.1994).

■ The only remaining approach for Plaintiffs to pursue attorney's fees against Defendant DOE is under the doctrine of respondeat superior. Though the IDEA holds the state DOE responsible for assuring

disabled children are provided a free appropriate public education, this alone does not render that agency liable for § 1415(e)(4)(B) fees under a respondeat superior theory. *Beard,* 31 F.3d at 954. DOE's IDEA responsibility does not make a local school board DOE's agent, nor does it make the former the insurer of the latter's conduct. *Id.*

**B. Procedural/Substantive Violations**

■ Since Defendant was not a party to the dispute before the Department of Administrative Hearings, the Hearing Officer made no findings with regard to Defendant. This deficiency is one that exhaustion of administrative remedies seeks to avoid. With no such findings against DOE, it is impossible to ascertain its level of responsibility for the fees sought.

■ If Plaintiffs have a dispute against DOE, they may pursue those allegations independently of, or jointly with, the charges brought against Defendant School Board. What Plaintiffs may not do is attempt to piggyback the DOE claim on a favorable outcome previously reached against a subordinate agency. A purpose of requiring exhaustion of remedies is to provide state agencies an opportunity to resolve system defects without unnecessary judicial involvement. It is this opportunity that Plaintiffs denied Defendant DOE by failing to include the Department in the initial dispute. Any civil action seeking relief also available under the IDEA requires the same exhaustion of remedies as if brought under the IDEA. *Mrs. W. v. Tirozzi,* 832 F.2d 748, 754 (2nd Cir.1987), *citing* 20 U.S.C. § 1415(f).

■ Plaintiffs further allege Defendant is liable for failure to assure enforcement of the Hearing Officer's Final Order. As already discussed, Defendant was not made a party to that dispute and the Final Order can only be binding upon the parties to it. The letter of the United States Department of Education directing Defendant to "investigate and·resolve the issues" not being appealed, does little to change this analysis. (Dkt. No. 56, Exhibit A). If Plaintiffs seek to bring suit against Defendant DOE for the Department's acts, or failure to act, they may do so following the procedures of the IDEA.

## III. CONCLUSION

Since Defendant DOE was not a party to the action from which the claim for attorney's fees arose, Defendant may not be held responsible for those fees, either directly or indirectly under vicarious liability. Further, Defendant's absence from the administrative proceedings clearly reflects that no administrative steps or findings for this Court to review exist, and this is fatal to Plaintiffs' claim. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Docket No. 65) is **granted.**

**DONE and ORDERED.**