15 F.3d 1159
 304 U.S.App.D.C. 428
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Alexander BARTH, et al., Appellees,
v.
DISTRICT OF COLUMBIA, et al., Appellants.
 No. 92-7093.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 14, 1993.
 
 Before: BUCKLEY, WILLIAMS, and HENDERSON,* Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments of counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the District Court be affirmed insofar as it awards the appellees the administrative attorneys' fees originally sought, but that the case be remanded for the elimination from the judgment of any sums attributable to the award of Rule 11 sanctions.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 PER CURIAM.
 
 
 5
 Plaintiffs below sought attorneys' fees for legal work performed at the administrative level in enforcing their rights under the Individuals with Disabilities Education Act (the "IDEA" or the "Act") (formerly known as the Education of the Handicapped Act), 20 U.S.C. Sec. 1400 et seq. See id. at Sec. 1415(e)(4)(B); Moore v. District of Columbia, 907 F.2d 165 (D.C.Cir.1990). The District resisted on grounds arising from the Supreme Court's decision in Dellmuth v. Muth, 491 U.S. 223 (1989). There the Court held that in the Act Congress had not abrogated the states' 11th Amendment immunity, so that the states were not liable for retroactive tuition reimbursements otherwise due under the Act. Although recognizing that it was not a state for 11th Amendment purposes, the District argued that the Act had defined states to include the District, 20 U.S.C. Sec. 401(a)(6), so that the court should infer a congressional intent that it be treated the same as the states for all purposes under the Act, and thus similarly immune. In support of this statutory extension of 11th Amendment immunity the District cited District of Columbia v. Train, 521 F.2d 971 (D.C.Cir.1975), vacated sub nom. EPA v. Brown, 431 U.S. 99 (1977), where we found such an immunity. The district court rejected the Dellmuth-Train argument and awarded fees. Further, it imposed sanctions on the District under Fed.R.Civ.P. 11 for having failed (in raising the immunity claim) to cite "relevant, controlling authority," see Alston v. District of Columbia, Civ.Action No. 91-0091 (D.D.C. Jan. 15, 1992), Joint Appendix ("J.A.") 169, naming Moore, supra; Hutto v. Finney, 437 U.S. 678 (1978); and Missouri v. Jenkins, 491 U.S. 274 (1989), as the wrongly omitted authority.
 
 
 6
 The District raises two issues on appeal--the district court's disposition of the immunity argument and its award of sanctions. We reject the District's claim to immunity but agree that the award of sanctions was an abuse of discretion.
 
 
 7
 In addressing the Dellmuth-Train argument we need not resolve whether, if the District were a State, it would enjoy 11th Amendment immunity under Dellmuth with respect to the administrative fees at stake here. The District is not a state, and the second step of the District's argument--a congressionally intended extension of 11th Amendment immunity to the District--seems to us completely unwarranted. In Train we invalidated on federalism grounds certain air pollution regulations imposed by the Environmental Protection Agency on the "National Capital Region", and, although those grounds were inapplicable to the District, we did not preserve their theoretically possible rump within the District's borders. Although we noted that the statute treated the District as a state (as here), see Train, 571 F.2d at 995, we also noted that the EPA had stressed the importance of uniformity in transportation control programs throughout the region, id.
 
 
 8
 Here the uniformity concerns cut the other way. Congress revealed its intent to expose municipal governments to liability under the IDEA with sufficient clarity for purposes of ordinary statutory interpretation; as they do not enjoy 11th Amendment immunity, that expression of intent was fully effective. Indeed, Congress revealed an intent to subject even the states to such liability under ordinary standards, see Dellmuth, 491 U.S. at 232, although failing to do so with the "unequivocal declaration" required under the 11th Amendment, id. If the District were found immune, it would be the only part of the United States in which the Act was wholly unenforceable, even though the District is indisputably a municipality. This would constitute a highly anomalous non-uniformity, and we can detect no basis whatever for inferring that Congress intended any such result. Thus we affirm the award of attorneys' fees under 20 U.S.C. Sec. 1415(e)(4)(B).
 
 
 9
 The sanctions award was, however, an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2461 (1990). The omitted authority was not by any stretch "controlling". Cf. J.A. at 169. Moore is almost completely irrelevant. Although there we upheld claims to administrative-level fees under Sec. 1415(e)(4)(B), even in the absence of any court litigation (except over the fees claim itself), we did not mention the 11th Amendment--for the very natural reason that no one raised it.
 
 
 10
 Hutto and Jenkins are closer matters. Before addressing their potential relevance, we note that the fees here sought to be recovered were incurred in administrative litigation (1) over reimbursement for educational expenses previously incurred (retroactive relief) and (2) over District funding of future educational expenses (prospective relief). Hutto and Jenkins are considerably more pertinent to the second class than to the first.
 
 
 11
 The two cases hold that courts may award attorneys' fees incurred in litigation in court. We need not here explore their exact reach. On the one hand they include some phrases suggesting that a broad category, "costs", including attorneys' fees where a statute includes them in its definition of recoverable litigation costs, is inherently exempt from the strictures of the 11th Amendment. See, e.g., Hutto, 437 U.S. at 696, 697. On the other hand, they in fact involved attorneys' fees for expenses incurred in litigation legitimately in court despite the 11th Amendment (i.e., litigation seeking prospective relief or in court under adequate congressional abrogation), and much of their language suggests that the Court intended no more. See, e.g., id. at 695-96 n. 24. As to retroactive relief, which Congress could not have placed in court without the special "clear statement" required for abrogation of states' 11th Amendment immunity, it seems a dramatic stretch of the two cases to suggest that they support liability for fees incurred in administrative litigation that the Congress could not have required (without the special abrogation).
 
 
 12
 As to fees incurred in administrative litigation over prospective funding, Hutto and Jenkins are far more pertinent. Had Congress located the entire litigative process in court, the two cases would have entitled plaintiffs to recover fees incurred there in seeking prospective relief. Why then, one may well ask, should there not be recovery when Congress has located part of the remedial process in the agencies of the state itself, seemingly a less intrusive process? On the other hand, recovery in court of fees incurred in an entirely past administrative litigation looks rather like the sort of retroactive relief forbidden by the 11th Amendment. For the reasons stated above, we need not resolve that issue, and we will assume that ultimately the resolution would have gone against the District. Certainly one can imagine a brilliant brief tackling these issues, and one can readily concede that the papers actually filed by the District do not merit that accolade. Nonetheless, even as to fees incurred with respect to administrative litigation over future funding, plaintiffs' position requires a distinct--though surely not earthshaking--extension of the cases whose omission they now claim rendered the District's brief sanctionable.
 
 
 13
 Although the circuits evidently are split on the issue of whether counsel must "acknowledge binding adverse precedent", see Matter of Hendrix, 986 F.2d 195, 201 (7th Cir.1993), neither Hutto nor Jenkins qualifies as such. Of course they are binding, in the sense that as "inferior" federal courts, see U.S. Const., Art. III, we are bound to follow them. But they are not "dispositive". See Hendrix, 986 F.2d at 201. Thus, under no reasonable reading of Rule 11 are these cases within the range of citations whose omission supports an award of sanctions.
 
 
 14
 Accordingly, we affirm the judgment insofar as it awards the plaintiffs the administrative attorneys' fees originally sought and remand the case for the elimination from the judgment of any sums attributable to the award of Rule 11 sanctions.
 
 KAREN LECRAFT HENDERSON, Circuit Judge:
 
 15
 I concur in the holding that the District of Columbia (District) does not enjoy eleventh amendment immunity from attorney's fees incurred in administrative proceedings commenced under the Individuals with Disabilities Education Act. I dissent, however, from the decision to remand on the sanctions issue because in my view the district court's imposition of Rule 11 sanctions did not constitute an abuse of discretion.
 
 
 16
 The district court imposed Rule 11 sanctions on the District because of its failure to cite and distinguish Moore v. District of Columbia, 907 F.2d 165 (D.C.Cir.1990), cert. denied, 111 S.Ct. 556 (1990); Hutto v. Finney, 437 U.S. 678 (1978); and Missouri v. Jenkins, 491 U.S. 274 (1989), in its motion to dismiss and alternative motion for summary judgment. The district court found this failure to cite sanctionable because the omitted case law would render the District's arguments frivolous. Joint Appendix (J.A.) at 170-71. Because I firmly believe that counsel's duty of candor requires him to err on the side of caution (that is, disclosure) in treating adverse authority so as not to impede the trial court in its disposition of the case, I would hold that the district court's imposition of sanctions did not constitute an abuse of discretion.
 
 
 17
 I agree with the majority's conclusion that Moore is "almost completely irrelevant" inasmuch as the case does not address the issue of eleventh amendment immunity. Therefore, the District's failure to cite Moore alone would not support the district court's imposition of sanctions. It is the District's failure to cite Hutto and Jenkins that I find more troublesome. The District's argument below could not prevail unless it succeeded in distinguishing Hutto and Jenkins. In those cases, the Supreme Court held that the eleventh amendment does not bar an award of attorney's fees against a state. At least on their face, then, they stood as a barrier to the District's argument that the eleventh amendment prohibits a court's award of attorney's fees against it when incurred at the administrative proceedings stage. Nevertheless, the District's pleadings and argument below did not include even a passing mention of the cases.
 
 
 18
 The majority today excuses the District's failure to cite Hutto and Finney because it finds that the cases could have been distinguished. According to the majority, Hutto and Finney held only that a court's award of attorney's fees incurred in its own proceedings does not implicate the eleventh amendment; they did not address the relationship between attorney's fees incurred during administrative proceedings and the eleventh amendment. To me, however, the issue is not whether the cases may be distinguished but whether the District attempted to so distinguish them before the district court. Cf. In Matter of Hendrix, 986 F.2d 195, 200-01 (7th Cir.1993) (explaining in the context of Fed.R.App.P. 38, which provides for sanctions when a frivolous appeal is filed, that "If the appeal is blocked by authorities that the appellant ignored, the appellant is sanctioned without inquiry into whether the authorities if acknowledged might have been contested"). I would adopt a similar approach for Rule 11 sanctions. If a party fails to bring to the trial court's attention authorities that appear to doom the success of the arguments advanced, sanctions are appropriate notwithstanding the party's belief that the cases are distinguishable. Under this interpretation of Rule 11, the District's ability to distinguish the omitted cases when pressed to do so should not excuse its lack of candor in its pleadings and argument before the district court. Accordingly, I dissent.
 
 
 
 *
 A separate statement concurring in part and dissenting in part filed by Circuit Judge Henderson