41 F.3d 1510
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Nicholas DAS, a minor, and his parents, Mark Das and Susan
Das, Plaintiffs-Appellees,
v.
MCHENRY SCHOOL DISTRICT # 15, et al., Defendants-Appellants.
 No. 94-1676.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 3, 1994.
Decided Nov. 8, 1994.
 
 Before POSNER, Chief Judge, CUMMINGS and ENGEL, Circuit Judges.*
 
 ORDER
 
 1
 Defendant McHenry [Illinois] School District # 15 (the "District") appeals the award of attorneys' fees in a dispute over the appropriate level of educational services for Nicholas Das, an 11-year-old developmentally disabled child. Finding that plaintiffs were a "prevailing party" under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Sec. 1400 et seq.,[1] the trial court awarded $11,000.95 in fees to Nicholas and his parents Mark and Susan Das. The District contests the prevailing party determination and requests that this Court overturn the judgment. In the alternative, the District argues that the relief obtained was de minimis, and asks that this Court deny the attorneys' fees award or reduce it to reflect the limited nature of relief. Finally, the District contends that the matter of attorneys' fees was inappropriate for summary judgment and suggests that an evidentiary hearing is a necessary prerequisite to decision. We decline their requests and affirm the district court's order.
 
 Facts
 
 2
 Nicholas Das has been enrolled in the McHenry School District system since 1986, and has been receiving related services--physical and occupational therapy, speech and language--since that time. Feeling that the services the district was then offering were inadequate, Nicholas' parents scheduled early-morning private tutoring for him in the fall of 1990. This arrangement resulted in Nicholas' consistently being late for school, which in turn led the District to initiate truancy proceedings against plaintiffs. It was on December 5, 1990, during this period of tension over the quality and flexibility of the District's offerings to Nicholas, that plaintiffs requested a hearing to evaluate Nicholas' individual educational plan ("IEP"). Plaintiffs engaged the services of an attorney, Nancy Hablutzel, to assist in these matters.
 
 
 3
 Over the next few months, Ms. Hablutzel assisted in resolving the truancy dispute through mediation, which resulted in a written agreement signed in February 1991. The hearing over the IEP had not yet materialized. While the request for that hearing was still pending, the District conducted a series of review meetings and added to the package of services being offered Nicholas in an IEP dated May 1991 and amended September 1991.
 
 
 4
 On March 13, 1992, the IEP hearing that had been requested in December 1990 finally took place. The administrative hearing officer found that the plaintiffs were charging defendant with failure to (1) provide Nicholas with the appropriate level of related services; (2) implement the Sensory Integration approach; (3) consider outside evaluations; (4) inform the family of their rights related to obtaining an independent evaluation; and (5) adhere to the Rehabilitation Act of 1973 in providing related services. The hearing officer found for the District on issues two through five, but ordered changes in Nicholas' most current IEP that resulted in additional provision of services and more individual attention.
 
 
 5
 The district court, judging the plaintiffs to be the "prevailing party" within the meaning of IDEA,[2] determined that comparing the level of services offered Nicholas prior to Ms. Hablutzel's involvement with the level of services that resulted after the hearing would provide the appropriate gauge of plaintiffs' success. Accordingly the district judge awarded plaintiffs attorneys' fees. The lower court rejected the District's suggestion that Supreme Court precedent mandated a denial or reduction of the award, stating that "[w]hat matters is that the plaintiffs were successful in securing some services at each stage, and these gains were not insignificant." (Mem.Op. March 2, 1994, at 7) Accordingly, the district judge granted plaintiffs the entire amount of attorneys' fees they sought plus expert witness fees, for a total of $11,000.95.
 
 Analysis
 I.
 
 6
 The District's central claim is that plaintiffs failed to demonstrate a causal relationship between Ms. Hablutzel's involvement and the changes in Nicholas' IEP over the course of two years. Citing our recent decision in Brown v. Griggsville Community Unit School Dist. No. 4, 12 F.3d 681 (7th Cir.1993), the District submits that there was no evidence that the 1991 IEP evaluation would not have resulted in the same changes regardless of Ms. Hablutzel's efforts. Further, the District disputes the actual extent of Ms. Hablutzel's involvement in IEP discussions conducted in the summer and fall of 1991.
 
 
 7
 In Brown, this Court held that a "prevailing party" in an IDEA action must have prevailed due to an adversarial proceeding rather than for some other reason. Thus we affirmed a denial of attorneys' fees where the district court found that the school's annual review process would have had the same result regardless of legal involvement. Id. at 685.
 
 
 8
 The case at bar is easily distinguishable from Brown. In that case, the plaintiff had shown marked improvement that merited the changes made at the IEP evaluation; here there has been no showing of any factors other than the pending administrative hearing initiated by plaintiffs that could have caused the District to increase the provision of services to Nicholas. While it is apparently true that some of the changes in Nicholas' program were made at a meeting at which Ms. Hablutzel was not physically present, the District's claim that Ms. Hablutzel's intervention had no effect on the outcome when no other reason has been advanced for the changes strains credulity.
 
 
 9
 The District also blinks reality in denying a link between the truancy mediation, in which Ms. Hablutzel clearly played a role, and the IEP reviews. Far from constituting unrelated interests of the plaintiffs, these issues both fell on a continuum of concern about Nicholas' educational options and the school's failure to provide adequate services. For purposes of analyzing whether Ms. Hablutzel's actions were causally connected with the relief gained by plaintiffs, this Court cannot ignore her early intervention during the truancy mediation and the effect of legal representation on the plaintiffs' later efforts to deal with the District.
 
 II.
 
 10
 The District next argues that if we find plaintiffs prevailed within the meaning of IDEA, we should nonetheless overturn the award of attorneys' fees on a finding that relief was de minimis. The District emphasizes that the administrative officer at the 1992 IEP hearing found for the school on four out of five issues, and awarded relief only as to the level of related services and the ratio of group time to individual instruction. We cannot agree that these advances were de minimis. An increase in services and greater individualized attention appear to have been at the heart of what plaintiffs sought in initiating this proceeding; they unequivocally prevailed as to both, obtaining additional individual instruction for Nicholas in both occupational and speech and language therapy. The hearing officer also determined the need for specific evaluation criteria with the possibility of further service increases in the future.
 
 
 11
 These advances alone support the district court's finding that plaintiffs were the prevailing party with respect to at least some of the disputed issues. A comparison of the services offered to Nicholas prior to the initiation of a hearing request with the post-hearing service schedule reveals even greater disparities, and fully supports the district court's holding.
 
 III.
 
 12
 The District alternatively asks us to find that under the rule set forth in Hensley v. Eckerhart, 461 U.S. 424, the district court abused its discretion in not reducing the fee award to reflect the fact that plaintiffs obtained less than complete relief.[3] This we decline to do. The district court "necessarily has discretion in making this equitable judgment," id. at 436, and this Court will not quarrel with the district court's determination that the hours expended by Ms. Hablutzel were reasonable in relation to the relief obtained. As the district court noted, while citing Hensley, in many instances " '[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.' Id. at 435. Such is the case here." (Mem.Op. March 4, 1994, at 6) In this case a fee reduction was neither practical nor desirable since plaintiffs prevailed to a significant degree on the central issue of increased services.
 
 IV.
 
 13
 Finally, the District submits that the district court erred in resolving the attorneys' fees issue on cross-motions for summary judgment given what they submit are contested material facts. The District does not, however, specify what new or different information would change the foundational fact that the plaintiffs' hearing request resulted in changes in Nicholas' IEP. We concur with the district judge's determination that plaintiffs were a prevailing party entitled to attorneys' fees, and will not encourage a further expenditure of resources over this claim.
 
 
 14
 Judgment AFFIRMED.
 
 
 
 *
 The Honorable Albert J. Engel of the United States Court of Appeals for the Sixth Circuit is sitting by designation
 
 
 [1]
 The Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Sec. 1400 et seq., is intended "to assure that all children with disabilities have available to them a free public education which emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. Sec. 1400(c). As such, IDEA entitles parents of disabled children to an "impartial due process hearing" to challenge the educational programs offered their children. 20 U.S.C. Sec. 1415(b). IDEA also permits courts the discretionary ability to award "reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party." 20 U.S.C. Sec. 1415(e)(4)(B)
 
 
 [2]
 The Supreme Court has defined a "prevailing party" as one who has "succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the part[y] sought in bringing suit.' " Texas Teachers Ass'n v. Garland School Dist., 489 U.S. 782, quoting Nadeau v. Helgemoe, 581 F.2d 275, 279-279 (1st Cir.1978). More recent decisions of this Court have confirmed that to prevail, a party can attain relief through defendant's voluntary action. See Zinn v. Shalala, 1994 WL 476604 (7th Cir. Sept.2, 1994) (remanding to determine appropriateness of attorneys' fees)
 
 
 [3]
 Hensley instructs courts that "where the plaintiff achieved only limited success, the District Court should award only that amount of fees that is reasonable in relation to the results obtained." 461 U.S. at 440