69 F.3d 540
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
PATRICK G., Plaintiff-Appellant,
v.
CITY OF CHICAGO SCHOOL DISTRICT NUMBER 299, Cook County,
Illinois, Defendant-Appellee.
 No. 95-1233.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 21, 1995.
Decided Oct. 27, 1995.
 
 Before CUMMINGS, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In this appeal, plaintiff's counsel, John M. Collins, Jr., seeks to recover additional attorney's fees and costs pertaining to his obtaining a favorable administrative decision that Sara G., a minor with cerebral palsy, had not derived minimum additional benefits from her individual education plan so that her school district must revise that plan and provide her with one year of additional education.
 
 
 2
 In the district court, plaintiff sought $37,039.76 in attorney's fees and costs from the defendant school district. Judge Kocoras reduced plaintiff's request by $17,300 and therefore allowed him $19,739.76 in fees and costs. We agree with the district court and affirm its judgment for the reasons expressed in its memorandum opinion attached hereto. We decline to award plaintiff attorney's fees and costs for the prosecution of this unsuccessful appeal and for monitoring defendant's progress in implementing the administrative decision.
 
 
 3
 Judgment affirmed; costs to defendant.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 NORTHERN DISTRICT OF ILLINOIS
 EASTERN DIVISION
 
 4
 Patrick G., Plaintiff,
 
 
 5
 v.
 
 
 6
 City of Chicago School District Number 299, Cook County,
 
 
 7
 Illinois, Defendant.
 
 94 C 3417
 MEMORANDUM OPINION
 KOCORAS, District Judge:
 
 8
 This matter is before the Court on Plaintiff's Motion for Summary Judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. For the reasons that follow, Plaintiff's motion is partially granted and partially denied.
 
 DISCUSSION
 
 9
 Sara G. ("Sara") is a minor with cerebral palsy, a disability which has adversely affected her educational performance. In January 1993, when Sara was in the eighth grade, a dispute arose between her parents and the City of Chicago School District Number 299, Cook County, Illinois ("the District") as to the propriety of Sara's individual educational plan ("IEP"). To resolve this dispute Sara's father, Patrick G., requested and was granted a Level I due process administrative hearing.[1] On March 17, 1994 the hearing officer issued a final decision essentially concluding that Sara has not derived minimum educational benefits from her IEP, and ordering the District to revise Sara's IEP. The District did not appeal the Level I determination.
 
 
 10
 Having prevailed in the administrative action below, Patrick G. filed an action in this Court pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Sec. 1415(e), seeking to collect attorneys fees and costs which he incurred in pursuing an appropriate special education program for Sara. Under section 1415(e)(4)(B) of the IDEA a court may, in its discretion, "award reasonable attorney's fees as a part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party." 20 U.S.C. Sec. 1415(e)(4)(B).
 
 
 11
 In his complaint Patrick G. alleges that he incurred $19,265.00 in fees and $2,346.82 in expenses in pursuing an appropriate IEP for Sara. Patrick G. now moves for summary judgment on his claim asserting that he has incurred a total of $37,039.76 in attorneys fees and costs. In response to the motion, the District does not dispute that Patrick G. is a "prevailing party" under the IDEA statute and therefore entitled to attorneys' fees. The District does, however, contest the reasonableness of Patrick G.'s fee request.
 
 
 12
 The most useful starting point in evaluating the reasonableness of a fee application is to compute the lodestar, the product of multiplying the number of hours reasonably expended on the case by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Max M. v. Illinois State Bd. of Educ., 684 F.Supp 514, 526 (N.D.Ill 1988). After examining the time records of the plaintiff's attorney, the district court may adjust the loadstar figure downward where necessary for "inadequate documentation, excessive or unnecessary time expenditures, or work on unrelated claims." Max M., 684 F.Supp. at 526; 20 U.S.C. Sec. 1415(e)(4)(F). The fee applicant bears the burden of demonstrating, through proper documentation, that an appropriate amount of time was expended at an appropriate hourly rate. Zadkowski v. West Bend Company, 789 F.2d 540 (7th Cir.1986).
 
 
 13
 The District makes an overall general objection that the plaintiff has failed to support his fee request by showing that the time spent was reasonable and necessary. According to the District, counsel expended many "duplicative excessive redundant or otherwise unnecessary hours" on this matter.
 
 
 14
 First, the District attacks the reasonableness of the time plaintiff's counsel spent on document review. Specifically, the District states that between March 3, 1993 and February 14, 1994 plaintiff's attorney spent approximately 35.3 hours unnecessarily reviewing or organizing Sara's school records. According to the District, it should not be forced to pay for what it perceives to be excessive, redundant time. The District, however, has slightly mischaracterized the situation, for all of these 35.3 hours were not spent re-reading and re-organizing a single set of documents. Rather, some of this time was spent integrating new documentation as received, preparing for meetings and drafting correspondence. Still, we cannot say that the actual time counsel spent on document review was expeditiously spent. Over a time period of eleven months, counsel spent at least 28 hours exclusively on reviewing, organizing and integrating records which are less than two inches thick. Because we consider such time to be duplicative and excessive we will reduce plaintiff's fee request for document review by 10 hours, which when multiplied by counsel's hourly rate of $175.00 amounts to a monetary reduction of $1,750.00.
 
 
 15
 Second, the District contends that under the IDEA parents who prevail in their claim are only entitled to a fee award for services rendered and costs expended after the date when they had requested the due process hearing. In support, the District cites to Ken and Marcia R. v. Stevenson High School Dist. No. 125, 1991 U.S.Dist. Lexis 11125 (N.D.Ill.1991) for the proposition that fees incurred prior to the filing of a request for a due process hearing are not recoverable under Sec. 1415(e). The holding in that case, however, is not as expansive as the District suggests.
 
 
 16
 In Ken R., a dispute arose between the parents of a handicapped child and the school district over the child's special educational needs. This dispute first arose around May 4, 1989 and the parents filed a request for a due process hearing under the IDEA on May 9, 1989. Id. at * 5. The parents prevailed in their action and subsequently filed suit in federal district court seeking attorneys fees and costs. In their fee petition, however, the plaintiffs sought to recover fees unrelated to their requests for a review of an individualized educational plan for their child. Id. at * 7. Specifically, the fee petition sought reimbursement for "independent evaluations, psychotherapy during 1988 and 1989, all 'non-medical' costs associated with hospitalizations in 1988 and the summer of 1989 and other costs which plaintiffs allegedly incurred on Alan's behalf at undisclosed times." Id. Recognizing that these fees and costs were wholly unrelated to the "action or proceeding brought under [the IDEA]," 20 U.S.C. Sec. 1415(E)(4)(a), the court precluded recovery for fees or costs incurred prior to May 3, 1989 "as they [were] not related to [the] proceeding which formally commenced May 9, 1989 with plaintiffs' request for a due process hearing under the Act." Id. at * 11.
 
 
 17
 By its very language, the court in Ken R. did not preclude the recovery of fees incurred prior to a request for a due process hearing. Rather, it merely barred recovery of fees and costs unrelated to such a proceeding. Here, upon reviewing the billing invoices of plaintiff's counsel, it is evident that the much of the time expended by counsel prior to his filing a request for a due process hearing was directly related to the proceeding. For instance, between March 5, 1993, (the date counsel was first contacted by Patrick G.), and November 18, 1993, (the date counsel drafted a request for a hearing), counsel spent time: (1) obtaining and reviewing Sara's school records; (2) consulting with Sara's father; (3) conferring with the suburban public school's principal on the availability of a local program for Sara; and (4) securing and consulting with an independent educational evaluator to determine Sara's needs. Accordingly, we will not preclude recovery for attorneys fees and costs based on the District's objection that they were incurred prior to the filing of a request for a due process hearing. To do so could have the undesirable effect of encouraging frivolous due process hearing requests without proper investigatory and conciliatory efforts.
 
 
 18
 We will, however, bar some of the requested pre-hearing fees based on our finding that time spent during this period was excessive. 20 U.S.C. Sec. 1415(e)(4)(F)(iii). As aforementioned, between March 5, 1993 and November 18, 1993, plaintiff's counsel spent 31.5 hours reviewing records and consulting with various individuals. Although counsel's efforts during this time period were apparently relevant to the IDEA proceeding, much of this time was unreasonably spent. In particular, plaintiff's counsel spent 22.3 hours on the case before he ever spoke with Chicago Public School personnel regarding Sara's educational program. Although we want to encourage investigatory and conciliatory efforts prior to the filing requests for due process hearings, we will not advocate unreasonably excessive or duplicative conduct. Accordingly, plaintiff's fees requested for time period before the filing of the hearing request is reduced by 25 hours, which when multiplied by counsel's fee of $175.00 per hour computes to $4,375.00.
 
 
 19
 We also consider much of the time counsel spent during the Level I proceedings to be needlessly duplicative and excessive. In preparing his fee petition counsel researched and retrieved affidavits and information on the reasonableness of fees of other attorneys who practice in Chicago in the field of special education. While this information may be useful from a comparative standpoint, we are more interested in counsel's justification of his own time spent on this particular case. Counsel has failed to sufficiently justify the reasonableness of the time he spent on this case during the Level I proceedings. Between the time counsel filed the Level I hearing request and the time he received the Level I decision, counsel logged in 77.6 hours of time. Approximately 35 of these 77.6 hours were spent in the hearing itself or in preparation for the hearing (i.e. preparing for questioning of witnesses and "proofing" documents for trial). Most of the remaining time was spent drafting correspondence, "receiving and examining" numerous letters, preparing for conferences and meeting with various individuals.[2] Finding that this time was unreasonably spent, we will deduct 12 more hours from plaintiff's request for fees, which results in a further monetary reduction of $2,100.00.
 
 
 20
 Finally, the District maintains that the plaintiffs' attorneys' fees should be reduced because the plaintiff unnecessarily prolonged these proceedings. The District states that when the plaintiff first filed this action he was only claiming a total of $19,265.00 in fees and $2,346.82 in expenses. See Complaint, p 13. Now, however, the plaintiff is requesting a total of $37,039.76 in fees and expenses. We agree with the District that this requests is outrageous, particularly in light of the fact that between the time of filing the complaint and the filing of this motion for summary judgment the District twice offered plaintiff $15,000.00 to settle the matter. There can be no reasonable explanation for plaintiff's counsel nearly doubling the original amount requested in the complaint, particularly where the substantive issues, such as the plaintiff's status as a prevailing party were never in dispute. Although plaintiffs are entitled to recover fees and costs for time spent recovering initial fees, W. v. Malito, 1993 WL 764591 * 2, 1993 U.S.Dist.Lexis 12612 * 6 (C.D.Ill.1993), section 1415(e) was not implemented for the special purpose of enriching lawyers specializing in education matters or for encouraging the non-settlement of actions. The statute itself only authorizes an award of reasonable attorneys fees. 20 U.S.C. Sec. 1415(e)(4)(B). The fact that some attorney's fees will be awarded for counsel for successful plaintiff's does not operate as an unlimited license to amass hours in the prosecution of fee claims. The entire claim is to be gouged by standards of reasonableness, and it is patently unreasonable to claim in this fee litigation, an amount almost equal to the $19,000 plus it allegedly took to bring about the result achieved before this suit was ever filed.
 
 
 21
 Since the filing of the fee Complaint plaintiff's counsel logged in approximately 68 hours of time, excluding time spent by his law clerk. Although counsel spent some of his time monitoring the compliance with the final IEP, the majority of his time was consumed with researching and drafting a fee petition, and drafting various correspondences. We have carefully reviewed the billing invoice of plaintiff's counsel and have concluded that an inordinate amount of counsel's time was spent on services which we believe were grossly excessive. Accordingly, we will further deduct 48 hours from plaintiff's fee request, which results in an additional deduction in the amount of $8,400.00. The billing invoice further reveals that counsel's law clerk spent approximately 18.75 hours (billed at a rate of $75.00 per hour) working on the fee petition. Because of our reservations of total amount of time appropriate for the proper presentation of a fee petition in this case, we will reduce plaintiff's request for law clerk fees by 9 hours ($675.00).
 
 CONCLUSION
 
 22
 For the reasons stated above, Plaintiff's motion is partially granted. In accordance with the discussion set forth above, plaintiff's request for fees is reduced by $17,300.00. The total amount of allowable fees and costs in this action is $19,739.76.
 
 Dated: December 19, 1994
 
 
 [1]
 Article 14 of the Illinois School Code, 105 ILCS 5/14-8.02, sets forth the procedure parents/guardians may invoke in seeking special education for a child
 
 
 [2]
 We note that some of these tasks, such as confirming a telephone number for the hearing officer and inquiring of the costs for typing transcripts could have just as effectively been performed by counsel's law clerk at a lower rate