DALE M., by his mother and next friend, ALICE M., Plaintiffs,

v.

BOARD OF EDUCATION OF BRAD-LEY–BOURBONNAIS HIGH SCHOOL DISTRICT NO. 307, Jerry Sikes, Willard DeWitt, Joan Pierce, Michael Downey, Steve Hlavach, Gwen Hopkins, Richard Mann, Donald Turner, Charles Parsons, Jr., Arthur Medow, and the Illinois State Board of Education, Defendants.

No. 96–2254.

United States District Court, C.D. Illinois, Danville/Urbana Division.

Dec. 9, 1998.

Margie Best, Law Offices of Margie Best, Chicago, IL, for plaintiff.

Brian J. Dees, Office of the Attorney General, Springfield, IL, for defendant Illinois State Board of Education.

John A. Relias, James J. Zuehl, Thomas Koutsouvas, Franczek, Sullivan, Mann, Crement, Hein, Relias, P.C., Chicago, IL, for defendants.

### ORDER

McCUSKEY, District Judge.

On June 15, 1998, this court partially granted both Plaintiffs' and Defendants' respective Motions for Summary Judgment. In that order, this court determined that Plaintiffs were entitled to recover their attorney's fees under the Individuals with Disabilities Education Act ("IDEA"), and ordered Plaintiffs to submit an affidavit detailing rea-

sonable attorney's fees and costs.[1] 20 U.S.C. § 1415(e)(4) (West 1998). Plaintiffs have complied and submitted a petition, to which Defendants have objected.

■■■ The best starting point in evaluating the reasonableness of a fee petition is to compute the lodestar, which is the product of the number of hours expended on the case and the hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The petitioner must demonstrate, through proper documentation, that an appropriate amount of time was spent at an appropriate hourly rate. *Zabkowicz v. West Bend Co.*, 789 F.2d 540, 548 (7th Cir.1986). In determining which hours are reasonably expended and adequately explained, a district court may deny a fee request where the claim for fees is not supported by accurate and detailed records. *FMC Corp. v. Varonos*, 892 F.2d 1308, 1316 (7th Cir.1990). Fees may also be reduced where time spent on a given task exceeds what is reasonable under the circumstances. *Charles v. Daley*, 846 F.2d 1057, 1075–76 (7th Cir.1988), *cert. denied*, 492 U.S. 905, 109 S.Ct. 3214, 106 L.Ed.2d 564 (1989); *Jardien v. Winston Network, Inc.*, 888 F.2d 1151, 1160 (7th Cir.1989) (admonishing that "[d]uplicative and excessive time, not reasonably billed to one's own client, cannot be billed to an adversary through a fee shifting statute").

In this case, Plaintiff's attorney, Margie Best, has requested payment for 683.9 hours of work at $275 per hour, and $10,316.99 in costs, for a total of $198,389.40. Defendants assert that Best should receive payment for just 163 hours of work at $130 per hour, and only $120 in costs, for a total of $21,190. In so arguing, Defendants object to three general aspects of Best's petition: her requested hourly rate, her requested costs, and the number of hours she claims to have spent on the case. The court will address each objection in turn.

### I. HOURLY RATE

Defendants first object to Best's requested hourly rate of $275, and argue that it should

1. Although an appeal from its order is currently pending, this court still has jurisdiction over the issue of attorney's fees. *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir.1995) (*citing Terket v.* *Lund*, 623 F.2d 29, 33–34 (7th Cir.1980) (holding that a district court may award attorneys' fees while the merits are on appeal)).

be reduced to $130. To establish that a rate of $275 is reasonable, Best provides an affidavit from Kathleen Hobson, an attorney practicing in Louisiana. Hobson asserts that both the hourly rate and the number of hours expended in this case were reasonable. Best has also submitted an affidavit from Susan Einspar–Wayne, an attorney practicing in Illinois who specializes in special education law. She says that disputes over residential placements are often more complex and typically take longer to resolve than other cases. She believes that $275 per hour is reasonable for such a case.

Two other courts have addressed the issue of Best's hourly rate. In *Cynthia K. v. Board of Educ. of Lincoln–Way High Sch.,* 1996 WL 164381, at *2 (N.D.Ill.1996), the court found that Best was a specialist in special education advocacy, and awarded her $170 per hour. In *Barbara B. v. Board of Educ. of Hardin County Sch. Dist.,* 20 IDELR 1183 (W.D.Ky.1993), the court awarded Best $125 per hour, well above the going community rate of $70. Also helpful to this inquiry are Illinois IDEA cases involving different attorneys. In *Patrick G. v. City of Chicago Sch. Dist.,* 1994 WL 715590, at *2 (N.D.Ill.1994), *aff'd,* 69 F.3d 540, 1995 WL 638679 (7th Cir.1995), plaintiff's counsel received $175 per hour. Likewise, in *Das v. McHenry Sch. Dist.,* 1996 WL 556741, at *3 (N.D.Ill.1996), plaintiff's counsel received $175 per hour.

Defendants argue that cases originating in the Chicago area are not relevant because this case arose in Kankakee. Defendants point out that Plaintiffs' counsel should be limited to the local community hourly rates under 20 U.S.C. § 1415(e)(4)(C), which provides that "fees awarded under this subsection shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." Thus, Defendants argue, Best cannot expect to receive the same hourly rate that she has in Chicago.

In *Mr. & Mrs. W. v. Malito,* 1993 WL 764591, at *1 (C.D.Ill.1993), an action arising under the Handicapped Children's Protection Act, the court considered whether it should look to prevailing rates in the community where the action arose, or to those in the community in which the attorneys generally practiced. In rejecting the very argument that Defendants make in this case, the court adopted the holding of *Chrapliwy v. Uniroyal, Inc.,* 670 F.2d 760, 769 (7th Cir.1982), *cert. denied,* 461 U.S. 956, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983). In that case, the Seventh Circuit held that when analyzing prevailing community rates, the court must determine whether services of like quality are truly available in the locality where the services are rendered, and whether the party choosing the attorney from elsewhere acted reasonably in making that choice. If a party does not find counsel with the necessary skills readily available in its community, the party may go elsewhere to find an attorney. In that case, the court should consider the customary billing rates of that attorney's community. *Chrapliwy,* 670 F.2d at 769. Based on that reasoning, the court in *Malito* granted attorney's fees of $170 an hour to the prevailing party.

■ Best asserts in her affidavit that special education lawyers are not generally available in the Kankakee area, an assertion that Defendants do not dispute. Thus, this court finds that the Plaintiffs did not act unreasonably in choosing an attorney from Chicago. Consequently, local hourly rates should not bind them.

■ Based on her education and experience, Best is clearly a specialist in special education advocacy. Given that expertise, an hourly rate of $175 is appropriate for this case, which reduces her requested fees by $68,390.00 (683.9 hours × $100 reduction).

## II. COSTS

■ Best also requests costs of $10,316.99. With her petition for attorney's fees, she includes a receipt for filing this suit for $120, and an invoice for expert witness fees totaling $1850. The remaining $8,346.99 is set forth under the caption "expenses," where she lists the amount incurred for each month she worked on the case. As Defendants point out, however, Best does not explain how she spent this money. Although one could speculate about how she incurred these expenses (photocopying materials, making long-distance telephone calls, mailing materi-

als), nothing indicates what portion of the money requested went to what type of task. Best's record of expenses is worse than vague; it is merely a bare assertion of what she spent each month. The court finds the scant information Best provides insufficient to evaluate the merits of the request for costs. Accordingly, Best may not recover the $8,346.99 in undocumented expenses. *See LeBlang Motors, Ltd. v. Subaru of America, Inc.,* 1996 WL 406650, at *4 (N.D.Ill.1996) (requiring prevailing party to submit petition containing "sufficient detail for at least a rough approximation of trial preparation fees and costs"); *Pascarell v. Dock Builders Local Union 1456,* 1995 WL 661212, at *3 (D.N.J.1995) (noting that prevailing party's petition for costs must indicate with specificity which expenses were necessarily incurred litigating the suit).

■ In addition, Defendants ask this court to reconsider its previous holding that Best is entitled to recover expert witness fees. The cases to which Defendants cite rely upon *West Virginia Univ. Hospitals v. Casey,* 499 U.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991), to support that proposition. However, the Supreme Court in *Casey* distinguished section 1988, under which expert fees were not recoverable, from the Handicapped Children's Protection Act of 1986, a precursor to the IDEA, under which these fees were recoverable. *Casey,* 499 U.S. at 91, 111 S.Ct. 1138. Thus, *Casey* does not preclude the recovery of expert witness fees under the IDEA. Accordingly, this court agrees with those cases that do award expert witness fees in IDEA cases. *See, e.g., Field v. Haddonfield Bd. of Educ.,* 769 F.Supp. 1313, 1323 (D.N.J.1991); *E.M. v. Millville Bd. of Educ.,* 849 F.Supp. 312, 317 (D.N.J. 1994); *Aranow v. District of Columbia,* 791 F.Supp. 318 (D.D.C.1992); *see also Das v. McHenry Sch. Dist.,* 41 F.3d 1510, 1994 WL 622241, 21 IDELR 927 (7th Cir.1994) (affirming district court award of expert witness fees without comment).

Accordingly, Best is entitled to costs of $1970, reducing her requested costs by $8,346.99.

## III. NUMBER OF HOURS SPENT ON THIS CASE

Finally, Defendants object to the number of hours that Best claims she spent on this case. It can be difficult to know precisely how much time a task should have taken without having done that task oneself. Furthermore, hours are a difficult measure. It does help, however, to think in terms of days, as did the Seventh Circuit in *Ustrak v. Fairman,* 851 F.2d 983, 987 (7th Cir.1988) (finding thirty-eight hours, or just under five working days, excessive for preparation of oral argument).

■ Furthermore, another problem undermines this court's ability to determine precisely how many hours were appropriate for each task. As Defendants point out, the petition lists the various tasks Best performed on a given day, and the total number of hours expended for that day, without specifying the amount of time spent on each individual task. These entries often included several diverse tasks for each block of time, making it impossible to determine how much time she spent on tasks for which she may recover and tasks for which she may not. As a result, no completely objective manner allows the court to determine the reasonableness of certain hours. *See Commodity Futures Trading Comm'n v. Richards,* 1996 WL 515160, at *2 (N.D.Ill.1996) (*citing Kaiser v. MEPC Am. Properties, Inc.,* 164 Ill. App.3d 978, 115 Ill.Dec. 899, 518 N.E.2d 424, 430 (Ill.App.Ct.1987)) (disallowing entire fee petition for vagueness). Thus, although Best provides sufficient detail as to the nature of her work, she gives the court little information about the time that was spent on each specific task. The court will therefore resolve any uncertainty resulting from these imprecise billing records in favor of Defendants, and, when necessary, reduce the billable hours accordingly. *See Kotsilieris v. Chalmers,* 966 F.2d 1181, 1187 (7th Cir.1992) (stating that "a petition for fees should set forth a sufficient description of the type of work performed"). With that in mind, the court turns to the specific objections.

■ Defendants first object to 78.6 hours that Best spent on this case before she requested a due process hearing. Defendants

ask this court to disallow those hours entirely. The court agrees that working what would have amounted to almost two solid weeks before even asking for a hearing is excessive. However, it is unreasonable to expect Best to have spent no time investigating the case before requesting the hearing. Accordingly, the court cuts these hours by half, to 39.3.

■ Defendants next object to the amount of time that Best spent in conference with her clients. Best's petition indicates that she spent seventy-four hours conferring with Plaintiffs; Defendants argue that she should have spent no more than fifteen. Again, to spend cumulatively almost two full work weeks conferring with clients is excessive. The court therefore reduces this portion of her requested hours by half, to 37 hours.

■ Defendants then argue that they should not be billed for any of the 120.8 hours that Best spent conferring with Elan School about Dale M.'s progress. However, this case turned in part on whether Elan was the right place for Dale. Best therefore needed to work with the school to prepare to argue this point. But, again, spending what amounted to three full work weeks in consultation with the school could not have been an efficient use of Best's time. The court therefore reduces this portion of the hours by two-thirds, to 40 hours.

Defendants argue that they should not be billed for 48.9 hours Best spent working with the Office of Civil Rights ("OCR"). Plaintiffs filed a complaint with the OCR under the Rehabilitation Act, and raised a claim under that statute in this case as well. 29 U.S.C. § 794 (West 1998). This court ultimately granted Defendants' motion for summary judgment on that claim, finding that Plaintiffs failed to present any evidence in its support, or even to address that claim in their memorandum of law.

■ When a plaintiff achieved only part of the relief sought, the award of attorney fees should be reasonable in relation to the results obtained. *Mojica v. Gannett Co., Inc.*, 1992 WL 51685, at *4 (N.D.Ill.1992). Of course, it can be hard to distinguish between those hours spent on a winning claim, and those spent on a losing one. Moreover, Best

points out in her supplemental affidavit that some of the materials relating to the OCR complaint served as impeachment material at the Level I and II hearings, and was therefore relevant to the IDEA claim. However, she also states in her affidavit that Defendants disclosed those materials to her. Thus, it is unclear how Best's direct communication with the OCR would have furthered the IDEA claim, as she already had the impeachment materials. The court must therefore conclude that those hours were either unnecessary and duplicative, or that they related more to the unsuccessful Rehabilitation Act claim than to the successful IDEA claim. Furthermore, as discussed above, Best's method of documenting her time in blocks makes it impossible for the court to determine which hours were spent furthering which claim. Thus, the court will not require Defendants to pay for that time, and disallows 48.9 hours. *See Nadeau v. Helgemoe*, 581 F.2d 275, 279 (1st Cir.1978) (warning litigants that "[a]s for the future, we would not view with sympathy any claim that a district court abused its discretion in awarding unreasonably low attorney's fees in a suit in which plaintiffs were only partially successful if counsel's records do not provide a proper basis for determining how much time was spent on particular claims.").

■ Defendants also object to Best's inclusion of 10.4 hours spent in juvenile court on behalf of Dale M. In response, Best asserts that she did not represent Dale on those matters, but only appeared at the request of his attorney to explain the pending IDEA claim to the court. Whether or not Best represented Dale in those proceedings or had a good reason to work on that case, Defendants should not have to pay for that time. The pending IDEA claim may have been relevant to the juvenile proceedings, but Best provides no evidence that the juvenile proceedings were relevant to the IDEA claim. Accordingly, the court finds that Defendants do not have to pay for Best's work in that unrelated proceeding and reduces Best's hours by 10.4.

■ Next, Defendants contest 8.9 of the hours Best claims to have spent working on this case as vague. Specifically, Defendants

take issue with three entries. The first entry, dated July 1, 1997, states "Research, draft freedom of information request; file." The second, dated July 5, 1998, reads "Prepare filing." The third, dated July 8, 1998, states "Finalize filing." The court agrees that by themselves, these entries are vague. However, in context with entries that precede and follow the contested entries, they clearly explain the work Best did during those hours. Even when a few entries lack specificity, the petition taken as a whole can provide the basis of meaningful review. *See First Colonial Trust Co. v. H.S. Crocker Co.*, 1994 WL 49025, at *11 (N.D.Ill.1994). The court therefore declines to reduce Best's hours for those entries.

Finally, Defendants take issue with the number of hours that Best spent preparing and working on the actual litigation. Best spent 53.1 hours preparing for the Level I hearing. Defendants argue that this was excessive, and ask the court to cut it in half. Best then spent 45.7 hours on the Level II hearing, which dealt with predominantly the same issues and evidence addressed at the Level I hearing. Again, Defendants argue that she should be paid for only half of this time. Best spent an additional twenty-one hours writing her twelve-and-a-half-page Level II brief, which Defendants say she could have done in eleven hours. Finally, Best spent a total of 256.9 hours on matters before this court, which again raised predominantly the same issues addressed in the earlier proceedings. Defendants again argue that this court should award fees for only half of this time, or 128.4 hours.

As noted above, it is difficult to determine exactly how much time Best should have spent on each particular task. However, after reviewing the filings involved in this litigation in conjunction with Best's fee petition, this court finds that the number of hours (376.7) Best spent on these matters was excessive, and suspects that much of it was duplicative. The court therefore grants Defendants' request to reduce the billable hours Best spent writing the Level II brief to eleven, and reduces the remaining hours by fifty percent (177.85 hours).

*CONCLUSION*

For the foregoing reasons, in light of all the relevant factors, the court awards Plaintiffs attorney's fees of $46,954.75, and costs of $1970, for a total of $48,924.75.